UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UBALDO ROMERO,                          :

                    Petitioner,         :        08 Civ. 8380 (CM)(HBP)

       -against-                        :        OPINION
                                                 AND ORDER
DAVID NAPOLI, Superintendent            :
for Southport Correctional
Facility,                               :

                    Respondent.         :

------------------------------------X


            PITMAN, United States Magistrate Judge:


            By motion dated November 25, 2008, (Docket Item 7),

petitioner in this section 2254 proceeding seeks to have counsel

appointed to represent him pursuant to the Criminal Justice Act,

18 U.S.C. § 3006A.  For the reasons set forth below, the motion

is denied without prejudice to renewal.

            It is well settled that there is no constitutional

right to counsel in a habeas corpus proceeding such as this one;

rather the appointment of counsel in such proceedings is a matter

of discretion.  <u>Wright v. West</u>, 505 U.S. 277, 293 (1992); <u>Penn-

sylvania v. Finley</u>, 481 U.S. 551, 555-59 (1987); <u>Heath v. United

States Parole Comm'n</u>, 788 F.2d 85, 88 (2d Cir. 1986); <u>Moolenaar

v. Mantella</u>, 00 Civ. 6380 (RMB)(KNF), 2001 WL 43602 at *1

(S.D.N.Y. Jan. 18, 2001).  Accordingly, petitioner's application

should be analyzed in the same manner as any other application for counsel in a civil case.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of [petitioner's] case, the [petitioner's] ability to pay for private counsel, [petitioner's] efforts to obtain a lawyer, the availability of counsel, and the [petitioner's] ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1986). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 at *1 (S.D.N.Y. Apr. 26, 1996). As noted by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174. See also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.")(internal quotation marks omitted).

I am willing to assume that petitioner lacks the resources to retain counsel because he is incarcerated. Although

2

he provides almost no information on the subject,  I am also willing to assume that petitioner needs an attorney because he has no legal training.  However, petitioner's application establishes none of the other elements relevant to an application for counsel.

In response to the question on the form motion for counsel that asks petitioner to explain what steps he has taken to find an attorney and what the results were, petitioner wrote, "Written to several lawyers requesting assistance as was met with no avail."  In order for me to assess whether petitioner has made adequate efforts to find his own counsel, petitioner must specifically identify the attorneys he has contacted.

In addition, it does not appear at this time that petitioner's claims are sufficiently meritorious to warrant the appointment of counsel.  Petitioner was convicted of two counts of murder in the second degree and was sentenced to two concurrent sentences of 25 years to life.  Based on the description of petitioner's case set forth in the decision of the New York Court of Appeals affirming petitioner's conviction, the evidence offered at trial established that petitioner was a participant in a narcotics distribution conspiracy in northern Manhattan and that he and others (including a 14-year-old boy) shot and killed two individuals who were believed to be about to rob one of petitioner's street dealers.  See generally People v. Romero, 7

3

N.Y.3d 633, 859 N.E.2d 902, 826 N.Y.S.2d 163 (2006).  Petitioner

was tried twice on these charges because the jury was unable to

reach a unanimous verdict as to petitioner at the conclusion of

the first trial.  Petitioner asserts three claims:  (1) the

evidence was insufficient to sustain the verdict; (2) peti-

tioner's double jeopardy rights were violated by the retrial

because the evidence at first trial was insufficient sustain a

conviction, and (3) petitioner deprived of due process because

the indictment failed to allege the essential elements of offense

and, therefore, failed to apprise petitioner what he had to

confront at trial.

A habeas petitioner seeking to reverse his conviction

due to insufficiency of the evidence bears a "heavy burden."

United States v. Jones, 482 F.3d 60, 68 (2d Cir. 2006) (internal

quotations omitted).  The reviewing court must "view the evidence

in the light most favorable to the government, drawing all

reasonable inferences in its favor, and [grant relief] only if no

rational factfinder could have found guilt beyond a reasonable

doubt."  United States. v. Carlo,  507 F.3d 799, 801 (2d Cir.

2007); see e.g., United States v. MacPherson, 424 F.3d 183, 187

(2d Cir. 2005) (upholding a conviction if "any rational trier of

fact could have found the essential elements of the crime beyond

a reasonable doubt," quoting Jackson v. Virginia, 443 U.S. 307,

319 (1979) (emphasis in original)).  The petition does not

4

explain how the evidence against him at either trial was insuf-
ficient in any way.  Given the "heavy burden" petitioner faces in
this regard, in the absence of any explanation from petitioner, I
cannot conclude at this stage that petitioner's insufficiency
claim has any merit.[1]

Petitioner's second claim appears to be legally defi-
cient.  As explained in United States v. Ustica, 847 F.2d 42, 48
(2d Cir. 1988):

> [T]he Supreme Court has determined that where there has
> been a mistrial because of a hung jury, the Double
> Jeopardy Clause does not bar retrial -- regardless of
> any evidentiary insufficiency at the first trial.
> Richardson v. United States, 468 U.S. 317, 104 S.Ct.
> 3081, 82 L.Ed.2d 242 (1984).  In Richardson, the Court
> explained that unlike an appellate reversal on insuffi-
> ciency grounds, a mistrial because of a hung jury is
> not an "event" that terminates the original jeopardy to
> which the defendant was subject.  Therefore, following
> such a mistrial, even if an appellate court could
> determine that the prosecution's evidence was insuffi-
> cient to support a conviction, a defendant nonetheless
> has no valid double jeopardy claim:
>
>> Since jeopardy attached here when the jury was
>> sworn, petitioner's argument necessarily assumes
>> that the judicial declaration of a mistrial was an
>> event which terminated jeopardy in his case and
>> which allowed him to assert a valid claim of dou-
>> ble jeopardy . . . .  [W]e hold . . . that the
>> failure of the jury to reach a verdict is not an
>> event which terminates jeopardy.

---

[1] I note that I am not resolving the merits of the claim at
this stage except to the extent necessary to decide the motion
for counsel.  Respondent has not yet answered the petition and
petitioner will probably file a reply.  The merits will be
revisited and considered de novo when the matter is fully
submitted.

5

\*        \*        \*

> The Government, like the defendant, is entitled to
> resolution of the case by verdict from the jury,
> and jeopardy does not terminate when the jury is
> discharged because it is unable to agree.  Regard-
> less of the sufficiency of the evidence at peti-
> tioner's first trial, he has no valid double jeop-
> ardy claim to prevent his retrial.

Id. at 325-26, 104 S.Ct. at 3086-87 (citations omitted)
(emphasis added).

Accord Robertson v. Artus, No. 9:04-CV-946, 2008 WL 553200 at *4-
*5 (N.D.N.Y. Feb. 27, 2008).

Preliminarily, petitioner's third claim also appears to
lack substance.  Although the Sixth Amendment right "to be
informed of the nature and cause of the accusation" applies to
the states through the Fourteenth Amendment, In re Oliver, 333
U.S. 257, 273-74 (1948), there is no evidence at this stage that
this right was violated here.  An indictment is sufficient if it
contains the elements of the offense charged, sufficiently
apprises the defendant of the charges he or she must be prepared
to meet and defines the offense with sufficient specificity to
prevent reprosecution for the same offense.  Russell v. United
States, 369 U.S. 749, 763-764 (1962).  Given the facts that
petitioner's was tried twice and that petitioner was able to
create a reasonable doubt in the minds of at least some jurors
during the first trial, it appears preliminarily that petitioner
had sufficient notice of the charges against him.

Accordingly, because petitioner has failed to show what efforts he made to find counsel and that his petition is sufficiently meritorious to warrant the appointment of counsel pursuant to the Criminal Justice Act, his motion for counsel is denied without prejudice to renewal.  Any renewed application should be accompanied by an affidavit establishing the merits.

Dated:  New York, New York
        January 29, 2009

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Ubaldo Romero
DIN 02-A-1716
Southport Correctional Facility
P.O. Box 2000
Pine City, New York  14871

Susan Gliner, Esq.
Assistant District Attorney
New York County
One Hogan Place
New York, New York  10013