```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UBALDO ROMERO,                      :

                    Petitioner,     :    08 Civ. 8380 (CM)(HBP)

      -against-                     :
                                         ORDER
DAVID NAPOLI, Superintendent        :
for Southport Correctional
Facility,                           :

                    Respondent.     :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-18-09

PITMAN, United States Magistrate Judge:

By Opinion and Order dated January 29, 2009, I denied, without prejudice, petitioner's application for appointment of counsel in this habeas corpus proceeding. In response, petitioner has sent me a letter dated February 10, 2009, seeking reconsideration.

I am more than willing to reconsider petitioner's application. However, before I do so, petitioner should submit a renewed application for counsel setting forth, in detail, what efforts he made to obtain counsel on his own and explaining why his petition has merit.

With respect to petitioner's efforts to find counsel on his own, petitioner's renewed application should set forth the names of the attorneys he wrote to or otherwise contacted, when he requested their help and what their responses were.

With respect to the merits of the petition, petitioner should explain why he believes his constitutional rights were violated and why he believes his habeas corpus petition will be successful.

Unlike trials and direct appeals in New York, there is no right to appointed counsel in connection with habeas corpus proceedings. Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987); Heath v. United States Parole Comm'n, 788 F.2d 85, 88 (2d Cir. 1986); Moolenaar v. Mantella, 00 Civ. 6380 (RMB)(KNF), 2001 WL 43602 at *1 (S.D.N.Y. Jan. 18, 2001). I realize that habeas corpus proceedings are difficult matters for most pro se litigants, but that fact alone does not warrant the appointment of counsel. As I mentioned above, I am willing to reconsider petitioner's application for the appointment of counsel, but petitioner must address the two issues identified above.

Finally, I note that petitioner's letter also raises the possibility of withdrawing his habeas corpus petition before any decision is rendered. This may be a very dangerous course for petitioner. Petitioner should be aware that, subject to certain narrow exceptions which do not presently appear applicable, he had one year and ninety days from the decision of the New York Court of Appeals to file his habeas corpus. The clock for this time period is stopped, but not reset, while any motions

pursuant to New York Criminal Procedure Law § 440.10 were pending. Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). The one year and ninety day clock is not stopped while a federal habeas corpus proceeding is pending. Duncan v. Walker, 533 U.S. 167 (2001). Accordingly, if petitioner withdrew his present petition, it is almost a certainty that any subsequent habeas petition would be time-barred and petitioner would be forever barred from asserting his constitutional claims in federal court. Accordingly, petitioner should carefully consider whether he wishes to withdraw the present petition.

Dated:  New York, New York
        February 17, 2009

                                    SO ORDERED

                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies mailed to:

Mr. Ubaldo Romero
DIN 02-A-1716
Southport Correctional Facility
P.O. Box 2000
Pine City, New York  14871

Susan Gliner, Esq.
Assistant District Attorney
New York County
One Hogan Place
New York, New York  10013