USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5.1-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UBALDO ROMERO,                      :

               Petitioner,        :    08 Civ. 8380 (CM)(HBP)

  -against-                        :    OPINION
                                       AND ORDER
DAVID NAPOLI, Superintendent        :
for Southport Correctional
Facility,                           :

               Respondent.        :

------------------------------------X

        PITMAN, United States Magistrate Judge:

        By a motion dated March, 2009 and docketed in the Clerk's Office on March 24, 2009 (Docket Item 23), the petitioner in this habeas corpus proceeding renews his application for the appointment of counsel. For the reasons set forth below, petitioner's application is again denied without prejudice.

        I denied petitioner's prior application for the appointment of counsel in an Opinion and Order dated January 29, 2009 ("January 29 Opinion and Order") which set forth the applicable principles of law. Familiarity with my January 29 Opinion and Order is assumed. I denied petitioner's prior application primarily on ground that petitioner has not shown that any of his claims have sufficient merit to warrant the appointment of counsel. Unfortunately, petitioner's current application does not remedy that deficiency.

Petitioner is attempting to challenge his conviction for two counts of murder in the second degree in violation of New York Penal Law Section 125.25 and for which he was sentenced to two consecutive indeterminate terms of imprisonment of 25 years to life. Petitioner asserts three claims: (1) insufficiency of the evidence; (2) violation of the prohibition against Double Jeopardy, and (3) a deficiency in the indictment on which he was tried. His present application addresses only his second claim.

Petitioner was tried twice for the murders that underlies his convictions. The jury at the first trial was unable to reach a verdict and a mistrial was declared. Petitioner argues here that

> The [Petitioner was] deprived of [his] Fifth Amendment Constitutional Right[] against Double Jeopardy. [Petitioner] contend[s] that double jeopardy precluded a second trial and requires dismissal of the indictment, because the evidence against [him] at the first trial, which had ended in a mistrial, was legally insufficient to support a conviction, particularly, after the people were caught fabricating evidence. [T]he trial order of dismissal should have been granted, because the people failed to muster sufficient evidence in the first trial to obtain a conviction, having had a fair opportunity to do so. . . .

(Petition at ¶ 13 (citations omitted)). Relying primarily on United States v. Ustica, 847 F.2d 42, 48 (2d Cir. 1988), I concluded in my January 29 Opinion and Order that petitioner's double jeopardy argument did not appear to be meritorious.[1]

---

[1]The Second Circuit explained in Ustica that an evidentiary
(continued...)

2

Petitioner now attempts to distinguish Ustica, arguing that his first trial was infected with prosecutorial misconduct.

---

[1](...continued)
deficiency at a criminal defendant's trial that results in a hung jury does not preclude the defendant's retrial.

> [T]he Supreme Court has determined that where there has been a mistrial because of a hung jury, the Double Jeopardy Clause does not bar retrial -- regardless of any evidentiary insufficiency at the first trial. Richardson v. United States, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). In Richardson, the Court explained that unlike an appellate reversal on insufficiency grounds, a mistrial because of a hung jury is not an "event" that terminates the original jeopardy to which the defendant was subject. Therefore, following such a mistrial, even if an appellate court could determine that the prosecution's evidence was insufficient to support a conviction, a defendant nonetheless has no valid double jeopardy claim:
>
>> Since jeopardy attached here when the jury was sworn, petitioner's argument necessarily assumes that the judicial declaration of a mistrial was an event which terminated jeopardy in his case and which allowed him to assert a valid claim of double jeopardy . . . . [W]e hold . . . that the failure of the jury to reach a verdict is not an event which terminates jeopardy.
>
> \* \* \*
>
>> The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree. Regardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial.
>
> Id. at 325-26, 104 S.Ct. at 3086-87 (citations omitted) (emphasis added).

United States v. Ustica, supra, 847 F.2d at 48.

Case 1:08-cv-08380-PAE-HBP   Document 26   Filed 05/05/09   Page 4 of 6

Under certain, limited circumstances, prosecutorial misconduct at a criminal defendant's first trial may preclude his retrial after the declaration of a mistrial.

> The Second Circuit has . . . clarified the standard for a double jeopardy claim based on prosecutorial misconduct. In United States v. Pavloyianis, 996 F.2d 1467 (2d Cir. 1993), the Second Circuit, citing Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), held that double jeopardy bars a retrial when the prosecutorial misconduct "giving rise to the mistrial was intended to goad or provoke [the defendant] into moving for the mistrial." Pavloyianis, 996 F.2d at 1473. The Second Circuit held that when, as in the case at the bar, the alleged prosecutorial misconduct did not cause a mistrial, double jeopardy bars a retrial "only where the misconduct of the prosecutor is undertaken, not simply to prevent an acquittal, but to prevent an acquittal that the prosecutor believed at the time was likely to occur in the absence of his misconduct." Id. at 1474 (quoting United States v. Wallach, 979 F.2d 912, 915-16 (2d Cir. 1992), cert. denied, 508 U.S. 939, 113 S.Ct. 2414, 124 L.Ed.2d 637 (1993)).

United States v. Gambino, 838 F. Supp. 744, 746 (S.D.N.Y. 1993).

Petitioner is very vague concerning the nature of the prosecutorial misconduct he is claiming. His present motion asserts that the Assistant District Attorney conducting the first trial "manipulated" certain unidentified ballistic evidence to corroborate a witness's testimony (Application for the Court to Request Counsel (Docket Item 23) at 3[2]).

---

[2]Petitioner has misnumbered the pages in his current application for counsel. Petitioner has failed to number the first page, numbered the second page as page one, the third page as page two and so on. The page indicated in the text refers to the actual third page of the document, without regard to
(continued...)

4

Since the misconduct described cannot rationally be construed as causing the mistrial, petitioner's double jeopardy claim might have merit if, (1) it is not procedurally barred, as claimed by respondent, and (2) petitioner can offer evidence supporting the inference that the prosecutor engaged in the misconduct "not simply to prevent an acquittal, but to prevent an acquittal that the prosecutor believed at the time was likely to occur in the absence of his misconduct." United States v. Wallach, 979 F.2d 912, 915-16 (2d Cir. 1992). Since petitioner has not offered any facts addressing either of these two obstacles, he has still failed to demonstrate that his petition possesses sufficient merit to warrant the appointment of counsel.

Accordingly, because petitioner has failed to show that his petition is sufficiently meritorious to warrant the appointment of counsel pursuant to the Criminal Justice Act, his motion for counsel is again denied without prejudice to renewal. Any

---

[2](...continued)
petitioner's numbering.

5

renewed application should be accompanied by an affidavit establishing the merits.

Dated:  New York, New York
        May 4, 2009

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Ubaldo Romero
DIN 02-A-1716
Southport Correctional Facility
P.O. Box 2000
Pine City, New York  14871

Susan Gliner, Esq.
Assistant District Attorney
New York County
One Hogan Place
New York, New York  10013