UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

UBALDO ROMERO,                          :

                      Petitioner,       :     08 Civ. 8380 (CM)(HBP)

      -against-                         :     OPINION
                                              AND ORDER
DAVID NAPOLI, Superintendent            :
for Southport Correctional
Facility,                               :

                      Respondent.       :

----------------------------------X


      PITMAN, United States Magistrate Judge:


      By motions dated May 11 and August 17, 2009 (Docket

Items 27 and 29, respectively), petitioner moves for discovery

and evidentiary hearing.  For the reasons set forth below, the

former motion is denied without prejudice to renewal in the event

that petitioner's double jeopardy claim is ultimately found not

to be procedurally barred.  The latter motion is denied.

      Petitioner was convicted of two counts of murder in the

second degree and was sentenced to two consecutive sentences of

25 years to life.  Based on the description of petitioner's case

set forth in the decision of the New York Court of Appeals

affirming petitioner's conviction, the evidence offered at trial

established that petitioner was a participant in a narcotics

distribution conspiracy in northern Manhattan and that he and

others (including a 14-year-old boy) shot and killed two individ-

uals who were believed to be about to rob one of petitioner's street dealers.  See generally People v. Romero, 7 N.Y.3d 633, 859 N.E.2d 902, 826 N.Y.S.2d 163 (2006).  Petitioner was tried twice on these charges because the jury was unable to reach a unanimous verdict as to petitioner at the conclusion of the first trial.  Petitioner asserts three claims:  (1) the evidence was insufficient to sustain the verdict; (2) petitioner's double jeopardy rights were violated by the retrial because the evidence at first trial was insufficient sustain a conviction, and (3) petitioner deprived of due process because the indictment failed to allege the essential elements of offense and, therefore, failed to apprise petitioner what he had to confront at trial. Respondent argues, among other things,  that the second and third claims are procedurally barred.

Petitioner's motion to compel discovery arises in connection with his double jeopardy claim.  As I noted earlier in my May 4, 2009 opinion denying petitioner's application for the appointment of counsel, even if the evidence at petitioner's first trial were found to be insufficient to prove the charges against petitioner, the double jeopardy clause would not bar a second trial.  United States v. Ustica, 847 F.2d 42, 48 (2d Cir. 1988).[1]

---

[1]The Second Circuit explained in Ustica that an evidentiary deficiency at a criminal defendant's trial that results in a hung
(continued...)

           <u>Ustica</u> does not apply, however, where the prosecution

---

[1](...continued)
jury does not preclude the defendant's retrial.

> [T]he Supreme Court has determined that where there has
> been a mistrial because of a hung jury, the Double
> Jeopardy Clause does not bar retrial -- regardless of
> any evidentiary insufficiency at the first trial.
> <u>Richardson v. United States</u>, 468 U.S. 317, 104 S.Ct.
> 3081, 82 L.Ed.2d 242 (1984).  In <u>Richardson</u>, the Court
> explained that unlike an appellate reversal on
> insufficiency grounds, a mistrial because of a hung
> jury is not an "event" that terminates the original
> jeopardy to which the defendant was subject.
> Therefore, following such a mistrial, even if an
> appellate court could determine that the prosecution's
> evidence was insufficient to support a conviction, a
> defendant nonetheless has no valid double jeopardy
> claim:
>
> > Since jeopardy attached here when the jury was
> > sworn, petitioner's argument necessarily assumes
> > that the judicial declaration of a mistrial was an
> > event which terminated jeopardy in his case and
> > which allowed him to assert a valid claim of
> > double jeopardy . . . .  [W]e hold . . . that the
> > failure of the jury to reach a verdict is not an
> > event which terminates jeopardy.
> >
> >        *     *     *
> >
> > The Government, like the defendant, is entitled to
> > resolution of the case by verdict from the jury,
> > and jeopardy does not terminate when the jury is
> > discharged because it is unable to agree.
> > Regardless of the sufficiency of the evidence at
> > petitioner's first trial, he has no valid double
> > jeopardy claim to prevent his retrial.
>
> <u>Id</u>. at 325-26, 104 S.Ct. at 3086-87 (citations omitted)
> (emphasis added).

<u>United States v. Ustica</u>, <u>supra</u>, 847 F.2d at 48.

intentionally engages in misconduct in order to provoke a motion

for a mistrial and thereby avoid a likely acquittal.

> The Second Circuit has . . . clarified the stan-
> dard for a double jeopardy claim based on prosecutorial
> misconduct.  In <u>United States v. Pavloyianis</u>, 996 F.2d
> 1467 (2d Cir. 1993), the Second Circuit, citing <u>Oregon
> v. Kennedy</u>, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d
> 416 (1982), held that double jeopardy bars a retrial
> when the prosecutorial misconduct "giving rise to the
> mistrial was intended to goad or provoke [the defen-
> dant] into moving for the mistrial."  <u>Pavloyianis</u>, 996
> F.2d at 1473.  The Second Circuit held that when, as in
> the case at the bar, the alleged prosecutorial miscon-
> duct did not cause a mistrial, double jeopardy bars a
> retrial "only where the misconduct of the prosecutor is
> undertaken, not simply to prevent an acquittal, but to
> prevent an acquittal that the prosecutor believed at
> the time was likely to occur in the absence of his
> misconduct."  <u>Id</u>. at 1474 (<u>quoting</u> <u>United States v.
> Wallach</u>, 979 F.2d 912, 915-16 (2d Cir. 1992), <u>cert</u>.
> <u>denied</u>, 508 U.S. 939, 113 S.Ct. 2414, 124 L.Ed.2d 637
> (1993)).

<u>United States v. Gambino</u>, 838 F. Supp. 744, 746 (S.D.N.Y. 1993).

Petitioner now seeks to conduct discovery in an effort to come

within the principle discussed in <u>Gambino</u>.

Although the applicability of the exception discussed

in <u>Gambino</u> appears questionable given the fact that the mistrial

here resulted from the jury's inability to reach a verdict and

did not result from a defense motion, petitioner's motion for

discovery minimizes the significance of respondent's procedural

bar argument, which is not dependent on any unresolved factual

issues and may entirely moot the need (if any) for the discovery

petitioner now seeks.  Given the breadth of the discovery peti-

tioner seeks and the fact that the discovery sought will unques-

4

tionably be irrelevant if respondent's procedural bar defense proves successful, I conclude the more efficient course here is to deny the petitioner's motion for discovery without prejudice to renewal if petitioner's double jeopardy claim survives respondent's procedural bar argument.

Petitioner's motion for an evidentiary hearing is frivolous.  Petitioner seeks the hearing "to determine whether [certain evidence cited by petitioner] outweighs the presumption of correctness [afforded] to the state court's factual determination of the sufficiency of the evidence involved in this case . . ." (Petitioner's Affirmation in Support of his Motion for an Evidentiary Hearing at 31-32 (annexed to Docket Item 29)).  The sufficiency of the evidence is determined by comparing the elements of the offence of conviction to the evidence offered at trial, and, after viewing the evidence in the light most favorable to the prosecution, determining whether "any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  A federal habeas corpus court cannot generally revisit a jury's assessments of the weight of the evidence or the credibility of witnesses.  See Quartararo v. Hanslmaier, 186 F.3d 91, 95, 96 (2d Cir. 1999), citing Herrera v. Collins, 506 U.S. 390, 401 (1993) (federal habeas courts must not assume "the position of a thirteenth juror;" "inconsistencies were for the

jury to resolve" not the district court).  In assessing a suffi-
ciency claim, there is simply is no factual issue that warrants
an evidentiary hearing.

Accordingly, for all the foregoing reasons, peti-
tioner's motion to compel discovery (Docket Item 27) is denied
without prejudice to renewal if petitioner's double jeopardy
claim is ultimately found not to be procedurally barred.  Peti-
tioner's motion for an evidentiary hearing (Docket Item 29) is
denied.

Dated:  New York, New York
        March 8, 2010

                                    SO ORDERED

                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies mailed to:

Mr. Ubaldo Romero
DIN 02-A-1716
Great Meadow Correctional Facility
11739 State Route 22
P.O. Box 51
Comstock, New York 12821-0051

Susan Gliner, Esq.
Assistant District Attorney
New York County
One Hogan Place
New York, New York  10013