```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

UBALDO ROMERO,                         :

                 Petitioner,           :    08 Civ. 8380 (PAE)(HBP)

     -against-                         :    OPINION
                                            AND ORDER
DAVID NAPOLI, Superintendent           :
for Southport Correctional
Facility,                              :

                 Respondent.           :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By notice of motion dated February 20, 2012 (Docket Item 48), petitioner in the 2254 proceeding moves to compel the production to him of certain excerpts of the transcript of his first trial in state court.  Petitioner claims that he needs the transcripts in order to litigate his Double Jeopardy claim.  For the reasons set forth below, the motion is denied without prejudice to renewal if the petition survives respondent's procedural bar argument.

It appears that petitioner first raised his Double Jeopardy claim in state court in a second collateral attack on his conviction pursuant to N.Y. Crim. Proc. L. § 440.10 and that the state court denied the motion pursuant to N.Y. Crim. Proc. L.

Section 440.10(2)(c) (Decision and Order of the Hon. Richard D. Carruthers, Acting Justice of the Supreme Court, dated March 19, 2008, annexed as Exhibit V to Respondent's Appendix).  In the absence of a showing of cause and prejudice or of a fundamental miscarriage of justice, Justice Carruthers' decision will result in petitioner's Double Jeopardy claim being procedurally barred, Clark v. Perez, 510 F.3d 382, 393 (2d Cir. 2008); Sweet v. Bennett, 353 F.3d 135, 139-40 (2d Cir. 2003); Harrison v. Smith, 05 Civ. 5953 (JGK), 2012 WL 3822211 at *3-*4 (S.D.N.Y. Sept. 4, 2012); Jackson v. Senkowski, 03 Civ. 2737 (BSJ)(RLE), 2012 WL 3079192 at *4-*5 (S.D.N.Y. July 30, 2012), and the discovery petitioner seeks in the present motion will be immaterial.

In addition, even if petitioner's Double Jeopardy claim were not procedurally barred, the claim appears to be highly problematic.  Petitioner claims his rights against being placed in jeopardy twice for the same crime was violated because the evidence offered at his first trial was insufficient causing the trial to result in a hung jury.  Petitioner claims that the putative failure of the prosecution to offer sufficient evidence at the first trial precludes his retrial.

Petitioner's argument appears to be defective as a matter of law.

>    The law is well settled that where a court declares a mistrial because of the failure of a jury to reach a verdict, there is no double jeopardy bar to retrial of the defendant on that count. See Richardson v. United States, 468 U.S. 317, 326, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984); see also United States v. Ustica, 847 F.2d 42, 48 (2d Cir. 1988) (citing cases). This is because the government, like the defendant, is entitled to resolution of the case by a verdict from the jury. "The interest in giving the prosecution one complete opportunity to convict those who violated its laws justifies treating the jury's inability to reach a verdict as a nonevent that does not bar retrial." Yeager v. United States, 557 U.S. 110, 129 S.Ct. 2360, 2366, 174 L.Ed.2d 78 (2009) (internal quotation marks omitted).
>
>    This analysis does not change even if the prosecution's evidence was insufficient to support a conviction. See Richardson, 468 U.S. at 326, 104 S.Ct. 3081 ("Regardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial."). Because the government would not be barred on double jeopardy grounds from retrying Bruno on Count Three if the evidence presented at trial was insufficient to sustain a conviction, we are not required to engage in a sufficiency of the evidence analysis as to that Count.

United States v. Bruno, 661 F.3d 733, 741 (2d Cir. 2011).

Because petitioner's Double Jeopardy claim appears to be procedurally bared and appears to fail as a matter of law regardless of the sufficiency of the evidence offered at petitioner's first trial, the transcripts that he seeks appear to be immaterial to the issues currently before me, and, therefore, petitioner's motion is denied. If, on full consideration, I conclude that the transcript excerpts petitioner seeks could

3

somehow be relevant to some material issue before the Court, I shall revisit this decision. The Clerk of the Court is directed to mark Docket Item 48 as closed.

Dated: New York, New York
September 14, 2012

SO ORDERED

*Henry Pitman*
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Ubaldo Romero
DIN 02-A-1716
Southport Correctional Facility
236 Bob Masia Drive
P.O. Box 2000
Pine City, New York 14871-2000

Susan Gliner, Esq.
Assistant District Attorney
New York County
One Hogan Place
New York, New York 10013