USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/25/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UBALDO ROMERO,

                Petitioner,

        -v-

DAVID NAPOLI, *Superintendent of Southport Correctional Facility*,

                Respondent.

------------------------------------------------------------X

08 Civ. 8380 (PAE) (HBP)

<u>ORDER ADOPTING REPORT & RECOMMENDATION</u>

**PAUL A. ENGELMAYER, District Judge:**

      Petitioner Umbaldo Romero, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 30, 2008. Dkt. 2. On October 6, 2008, the Honorable Colleen McMahon, to whom this case was then assigned, referred the action to Magistrate Judge Henry B. Pitman for the preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Dkt. 3. On September 30, 2011, this case was reassigned to my docket. *See* Dkt. 46. On July 15, 2013, Magistrate Judge Pitman issued his Report and Recommendation to this Court ("Report"), recommending that Romero's habeas petition be denied. Dkt. 66. For the reasons that follow, the Court adopts the Report in its entirety. Romero's petition is denied.

## I.     Background[1]

Romero challenges his 2002 conviction, following a jury trial in the Supreme Court of the State of New York, New York County, on two counts of murder in the second degree. The evidence adduced at trial, including the testimony of numerous eyewitnesses, established that Romero and other members of a narcotics distribution ring shot and killed two individuals whom they believed were about to rob their crew of drugs or drug proceeds. Romero's first trial resulted in a mistrial; the jury was unable to reach a unanimous verdict. At Romero's second trial, the jury found Romero and one codefendant guilty on both counts; two other defendants were acquitted. Romero was sentenced to two consecutive prison terms of 25 years to life.

## II.    Procedural History

Romero, through counsel, appealed his conviction to the Appellate Division, First Department. Romero raised three claims on direct appeal: (1) the evidence was insufficient to support his conviction, or, in the alternative, the verdict was against the weight of the evidence; (2) the prosecutor made inflammatory statements in summation, depriving him of a fair trial; and (3) the trial court erred in refusing to read back a stipulation to the jury. On October 5, 2005, the First Department affirmed Romero's conviction, rejecting all three of his claims on the merits. *See People v. Romero*, 804 N.Y.S.2d 8 (1st Dep't 2005).

The Court of Appeals initially denied Romero leave to further appeal the conviction, *People v. Romero*, 6 N.Y.3d 758 (2005); on reconsideration, however, it granted leave to appeal, *People v. Romero*, 6 N.Y.3d 837 (2006). On November 21, 2006, the New York Court of

---

[1] The Court's summary of the facts of this case is drawn from the detailed account of the facts provided in the Report. Romero purports to object to these facts, *see* Objections to the Report & Recommendation ("Objections"), Dkt. 71, at 5. All of Romero's objections challenge the credibility of various witnesses' testimony, rather than whether the evidence at trial, or developments at trial, were accurately described. Accordingly, they do not bear on the Court's recitation of the relevant facts here.

2

Appeals affirmed Romero's conviction. *People v. Romero*, 7 N.Y.3d 633, 859 N.E.2d 902, 826 N.Y.S.2d 163 (2006). Because Romero had apparently abandoned his other claims, the Court of Appeals considered only Romero's claim regarding the standard applicable to weight-of-the-evidence review. *See id.*

On August 14, 2004, Romero filed a motion to set aside his conviction pursuant to N.Y. C.P.L. § 440.10. On February 4, 2005, that motion was denied; on June 21, 2005, leave to appeal was denied. On or about August 20, 2007, Romero filed a second § 440.10 motion, as well as a motion to vacate his sentence pursuant to § 440.20. In connection with these motions, Romero claimed for the first time the evidence had been insufficient to sustain a guilty verdict at his first trial, and thus his second trial violated his right to be free from double jeopardy; and that the indictment named him only in the caption and otherwise referred generally to "defendants," and thus had not put him on notice of the crime charged. Both the § 440.10 and the § 440.20 motions were denied on the ground, *inter alia*, that these claims had not been raised on direct review. Leave to appeal was denied on May 19, 2008.

On September 30, 2008, Romero filed the present habeas petition. Dkt. 2. Romero raises three challenges to his conviction, only the first of which he raised on direct appeal: (1) the evidence was insufficient to sustain a guilty verdict; (2) the evidence was insufficient to sustain a guilty verdict at his first trial, and thus retrial was a violation of double jeopardy; and (3) the indictment was not specific enough to put him on notice of the crime charged, and thus constituted a deprivation of due process.

While this case was assigned to Judge McMahon, Romero repeatedly filed motions, *inter alia*, requesting appointment of counsel, *see* Dkt. 7, 23, 39, all denied by Magistrate Judge Pitman without prejudice on the ground that Romero failed to establish that his petition was

sufficiently meritorious to warrant appointment of counsel, *see* Dkt. 8, 26, 44. Romero also requested appointment of an expert witness, *see* Dkt. 39, which Magistrate Judge Pitman similarly denied as meritless, *see* Dkt. 44.

On May 11, 2009, Romero moved to compel discovery as to his claim of double jeopardy. Dkt. 27. On August 17, 2009, Romero moved for an evidentiary hearing as to the sufficiency of the trial evidence. Dkt. 29. By Opinion and Order dated March 8, 2010, Magistrate Judge Pitman denied both motions: the first on the ground that Romero's double jeopardy claim was likely procedurally barred, and thus discovery would be unnecessary; and the second on the ground that federal habeas petitioners are not entitled to a reweighing of the evidence. Dkt. 40.

After the case was transferred to my docket, Romero objected to and sought reconsideration of Magistrate Judge Pitman's March 8, 2010 Opinion denying Romero's request for an evidentiary hearing. Dkt. 50, 53. On August 16, 2012, this Court issued an Order affirming Magistrate Judge Pitman's ruling and denying Romero's motion for reconsideration. Dkt. 55. By notice of motion dated June 24, 2013, Romero again renewed his motion for appointment of counsel and for the appointment of an expert witness. Dkt. 64.

On July 15, 2013, Judge Pitman issued the Report, which thoroughly analyzed each of Romero's arguments, and rejected them—several on alternative grounds. On July 15, 2013, the same day he issued the Report, Magistrate Judge Pitman issued a second opinion denying as meritless Romero's renewed application for appointment of counsel and request for an expert witness. Dkt. 67.

On July 25, 2013, this Court granted Romero's request for an extension of time to file objections to the Report until September 18, 2013. Dkt. 69. On August 1, 2013, nonetheless,

4

Romero filed his objections. Dkt. 71. Romero then submitted to the Court a letter, dated November 13, 2013, with further objections ("November 2013 letter"). Dkt. 73.[2]

### III. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, when the objections simply reiterate previous arguments or make only conclusory statements, the Court should review the report for clear error, *see Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011); *Kirk v. Burge*, 646 F. Supp. 2d 534, 539 (S.D.N.Y. 2009) (collecting cases), even in the case of a *pro se* plaintiff, *see Parlin Funds LLC v. Gilliams*, No. 11 Civ. 2534 (ALC) (MHD), 2012 WL 5258984, at *1 (S.D.N.Y. Oct. 23, 2012) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

Romero's objections primarily relate to the Report's characterization of the facts and the truthfulness of witness testimony at trial. He includes a section entitled "The Real Facts Giving Rise to Petitioner's Conviction" and denounces witness testimony as fabricated, inconsistent, or unpersuasive. He objects to "Judge Pitman's recitation of the alleged facts as being made out to be true," *id.* at 5; specifically, the Report's reference to an event described by a witness at trial, arguing that the witness's "entire testimony has to be rejected because the events he described

---

[2] Romero's November 2013 letter was untimely; Romero did not request leave to file late or additional objections. Because Romero is proceeding *pro se*, however, the Court will consider the letter.

5

never took place," *id.* at 8; and the Report's reference to incriminating statements introduced at trial on the ground that "he never made any such statements," *id.* at 19. He also identifies inconsistencies in witness testimony. *See id.* at 11–18. But, as the Report noted in reviewing these very same arguments, "petitioner's citation of and reliance on the inconsistencies among the testimony given by percipient witnesses is no basis for habeas relief." Report at 38. A federal habeas court cannot second-guess the jury's credibility assessments or weighing of the evidence. *See Quartararo v. Hanslmaier*, 186 F.3d 91, 95, 96 (2d Cir. 1999) (citing *Herrera v. Collins*, 506 U.S. 390, 401 (1993) (federal habeas courts must not assume "the position of a thirteenth juror"; "inconsistencies were for the jury to resolve" not the court)). Such objections do not merit *de novo* review.

The remainder of Romero's objections are conclusory, *see, e.g.*, Objections at 23 (sufficiency of the evidence claim "should be considered in the Interest of Justice," with no further explanation); *id.* (failure to consider double jeopardy and insufficiency of the indictment claims "will result in a fundamental miscarriage of justice"), or otherwise incorporate arguments already raised before the Magistrate Judge, *see, e.g., id.* (arguing that "Petitioner objects to Judge Pitman's determination suggesting that petitioner's Sufficiency of the Evidence claim fails on the merits because it is unexhausted . . . [f]or the reasons described in petitioner's memorandum of law"); *id.* (arguing that "Petitioner objects to Judge Pitman's determination concerning his Double Jeopardy, and Insufficiency of the Indictment claims as being procedurally barred . . . [f]or the reasons mention (sic) in petitioner's memorandum of law"). Accordingly, the Court reviews the Report for clear error.[3]

---

[3] In his late-submitted letter, Romero also claims that Judge Pitman erroneously held that his sufficiency of the evidence claim was not properly exhausted. *See* November 2013 letter at 1–5. However, the Report's discussion of exhaustion was merely in the alternative; the Report

Having reviewed the Report, the Court finds no error, let alone clear error. Judge Pitman's Report thoroughly analyzes each of Romero's claims and persuasively explains why each fails on the merits or was procedurally barred; the Report even goes so far to explain why procedurally barred claims would fail on the merits were they not barred. The Court adopts the Report in its entirety. Even if Romero's objections were sufficient to merit *de novo* review, the result would be the same. Romero's challenges to his conviction, to the extent they were not otherwise waived, are simply not plausible.

## CONCLUSION

For the foregoing reasons, Romero's petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Romero has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *See* 28 U.S.C. § 2253(c); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk is directed to close the case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: November 25, 2013
      New York, New York

---

considered, and rejected on the merits, Romero's sufficiency of the evidence claim. *See* Report at 22–42 & n.6.